J-S56015-20

2021 PA Super 58

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                       :  PENNSYLVANIA
                                       :
                                       :
          v.                       :
                                       :
                                       :
ALFRED ELLIOTT                  :
                                       :
         Appellant           :  No. 3066 EDA 2019

Appeal from the PCRA Order Entered October 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1003221-2005

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.*

OPINION BY BENDER, P.J.E.:               **FILED: APRIL 5, 2021**

Appellant, Alfred Elliott, appeals from the post-conviction court's order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Herein, Appellant argues that his sexual-offender registration, notification, and counseling ("RNC") requirements, and designation as a sexually violent predator ("SVP"), are unconstitutional.  After careful review, we disagree with the PCRA court that Appellant's petition is untimely, but we nevertheless affirm the order denying his petition.

The facts of Appellant's underlying convictions are not pertinent to his present appeal.  We need only note that on April 16, 2012, Appellant entered a negotiated guilty plea to charges of rape by forcible compulsion, corruption of a minor, and simple assault.  On December 12, 2012, the trial court

_____

* Retired Senior Judge assigned to the Superior Court.

determined that Appellant meets the criteria for designation as an SVP under the Sexual Offender Registration and Notification Act in effect at that time ("SORNA I").[1]  Pursuant to his negotiated plea agreement, Appellant was sentenced to a term of 6 to 12 years' incarceration.  He did not file a direct appeal.

Nearly six years later, on October 2, 2018, Appellant filed a *pro se* PCRA petition.  Therein, he claimed that, under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), the imposition of his RNC requirements under SORNA I violated *ex post facto* principles.  **See** *Pro Se* PCRA Petition, 10/2/18, at 2-3 (unnumbered); **see also Muniz**, 164 A.3d at 1223 (holding that the registration requirements of Subchapter H of SORNA I, as applied retroactively, were punitive under the seven-factor test set forth by the United States Supreme Court in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963), and, thus, SORNA I was unconstitutional under the *ex post facto* clauses of the United States and Pennsylvania Constitutions).  Counsel was appointed and filed an amended petition on Appellant's behalf, raising the following issue:

> a. [Appellant's] designation as [an SVP] was ruled unconstitutional and illegal in **Commonwealth v. … Butler**, [173 A.3d 1212 (Pa. Super. 2017) ("**Butler I**")] [(]citing **Alleyne v.**

---

[1] 42 Pa.C.S. §§ 9799.51-9799.75.

*[U.S.*, 570 U.S. 99 (2013)].[2] Since the SVP designation has been rule[d] illegal and unconstitutional[,] this Court should vacate its finding of SVP (Tier Three Megan's [L]aw [r]equirements) in the case of [Appellant].

Amended Petition, 12/31/18, at 2 (unnumbered; some citations omitted).

On August 12, 2019, the Commonwealth filed a response to Appellant's PCRA petition, arguing that it should be dismissed as untimely. On August 16, 2019, Appellant's counsel filed a "Response to Commonwealth Motion to Dismiss PCRA Petition," for the first time stating that his RNC requirements "under the Megan's Law [are] unconstitutional and illegal under the Due Process Clause of the United States Constitution and a violation of [Appellant's] State Constitutional Right to reputation under Pa. Const. Art. I, Sec. 1." Appellant's Response to Commonwealth's Motion to Dismiss, 8/16/19, at 1 (single page) (citation omitted).

On September 16, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, on the

---

[2] After **Muniz**, a panel of this Court issued **Butler I**, holding that the statutory mechanism for designating a defendant an SVP under SORNA I violated the United States Supreme Court's decisions in **Alleyne**, 570 U.S. at 106 (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt), and **Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000) (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). We reasoned that SORNA I required the trial court to make the SVP determination by "clear and convincing" evidence, rather than the beyond-a-reasonable-doubt standard and, thus, was unconstitutional. **Butler I**, 173 A.3d at 1218.

basis that it was untimely. He did not file a response. On October 22, 2019, the court dismissed his petition.

Appellant filed a timely notice of appeal. The PCRA court did not order him to file a Pa.R.A.P. 1925(b) statement, but it filed a Rule 1925(a) opinion on April 21, 2020. Therein, the court considered only Appellant's claim that his SVP designation is unconstitutional pursuant to **Butler I** and **Alleyne**. **See** PCRA court Opinion, 4/21/20, at 4. The court found that Appellant's petition was untimely and, alternatively, that he would not be entitled to relief on the merits because our Supreme Court reversed **Butler I** in **Commonwealth v. Butler**, 226 A.3d 972, 993 (Pa. 2020) ("**Butler II**"), discussed *infra*. **See id.** at 4-5.

Herein, Appellant states two issues for our review:

I. Was the sentence of the trial court of life time [*sic*] registration/reporting to the state police under Megan's [L]aw (SORNA) illegal and unconstitutional because it is an *ex post facto* law and it violated [Appellant's] due process right, under the 5th Amendment of the U[.]S. Constitution and his right to reputation under the State Constitution?

II. Was … [A]ppellant's PCRA [p]etition timely filed[,] even though it was filed over one year after [Appellant's] judgment of sentence was final[,] because the State Supreme Court decision did not occur until over [five] years after … [A]ppellant's] PCRA [p]etition was final[?]

Appellant's Brief at 2.

We will address Appellant's second issue first, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**,

930 A.2d 1264, 1267 (Pa. 2007). Preliminarily, we must mention that, in response to **Muniz** and **Butler I**, the Pennsylvania General Assembly amended SORNA I by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as SORNA II. **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired. Pursuant to SORNA II, Appellant's conviction for rape by forcible compulsion is a Subchapter I offense requiring lifetime registration. **See** 42 Pa.C.S. § 9799.55(b)(2)(i)(A). His SVP designation also carries a lifetime registration requirement under Subchapter I of SORNA II. **See** 42 Pa.C.S. § 9799.55(b)(3).

Recently, in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), our Supreme Court held that the RNC requirements of Subchapter I of SORNA II do not constitute criminal punishment. **Id.** at 626.

> In addition, the **Lacombe** Court expressly declined "to find the PCRA, or any other procedural mechanism ... the exclusive method for challenging sexual offender registration statutes[.]" **Lacombe**[, 234 A.3d at 618]. According to the Court, an offender's requirements change frequently and may be

retroactively applicable. ***See id.*** [at 617]. Thus, the strict jurisdictional requirements of the PCRA render it unsuitable, because many registrants will be ineligible for relief on timeliness grounds or because their criminal sentence has expired while their registration requirements continue. ***See id.***

***Commonwealth v. Smith***, 240 A.3d 654, 658 (Pa. Super. 2020).

After ***Lacombe***, this Court concluded in ***Smith*** that, because "[n]on-punitive, administrative requirements are merely collateral consequences of a criminal conviction[,] … a challenge to the requirements mandated by Subchapter I of SORNA II pertains to a collateral consequence of one's criminal sentence and does not fall within the purview of the PCRA." ***Id.*** (citations omitted). Accordingly, the ***Smith*** panel held that a petitioner's "substantive claims challenging the application of Subchapter I of SORNA II's lifetime registration requirements are not cognizable under the PCRA and, thus, not subject to its time-bar." ***Id.***

Based on ***Lacombe*** and ***Smith***, the RNC requirements of Subchapter I are not criminal sanctions, and the applicability of SORNA II may be challenged outside the PCRA. Therefore, the trial court erred by construing Appellant's challenge to his RNC requirements as an untimely PCRA petition.

Nevertheless, the court did not err by dismissing Appellant's petition.[3] Appellant claims, within his first issue, that his RNC requirements violate the

---

[3] It is well-settled that "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." ***Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000) (citing ***Commonwealth v. Pursell***, 749 A.2d 911, 917 (Pa. 2000); ***Commonwealth v. Ahlborn***, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

*ex post facto* clause pursuant to **Muniz**. However, he fails to acknowledge the Court's holding in **Lacombe** that Subchapter I's RNC requirements do not constitute criminal punishment. **Lacombe**, 234 A.3d at 626. Additionally, in **Butler II**, our Supreme Court determined that the RNC requirements applicable to SVPs under Subchapter H are non-punitive, explaining:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

**Butler II**, 226 A.3d at 992–93 (citation omitted).

While here, Appellant was deemed an SVP under Subchapter I, this Court has observed that "Subchapter I contains less stringent reporting requirements than Subchapter H…." **Commonwealth v. Alston**, 212 A.3d 526, 529 (Pa. Super. 2019). Because Subchapter I's RNC requirements applicable to SVPs are less burdensome than are Subchapter H's requirements for SVPs, it must be the case that Subchapter I's RNC requirements for SVPs also do not constitute criminal punishment, given our Supreme Court's decision in **Butler II**. Thus, we deem meritless Appellant's argument that his RNC requirements are punitive and violative of the *ex post facto* clause.

Appellant also briefly claims that his due process rights were violated because he was not afforded a "hearing to show that he was not a high risk of being a recidivist[,] which is required under due process." Appellant's Brief at 8. He states that "[t]his hearing is required because [he] has a fundamental and an inherent right to reputation under the Pa. Const. Art[.] I[,] Sec[.] 1." *Id.* (citation omitted).

Our review of the record demonstrates that Appellant did not raise this claim in his *pro se* petition, or in his counseled, amended petition. Instead, he raised it for the first time in his "Response to Commonwealth Motion to Dismiss PCRA Petition[.]" Appellant does not point to where in the record the trial court granted him permission to supplement or amend his pleadings to include this claim. Our Supreme Court has deemed such claims waived in the PCRA context. *See Commonwealth v. Mason*, 130 A.3d 601, 649 (Pa. 2015) (concluding that Mason waived a claim that he raised for the first time in his response to the Commonwealth's motion to dismiss, where Mason failed to point to where he sought, and was granted, the PCRA court's permission to amend his petition to include the claim). While *Lacombe* directs that the PCRA is not the exclusive method for challenging sexual offender registration requirements, Appellant chose to file his claim in a PCRA petition; thus, *Mason* controls the question of waiver.

We also would deem Appellant's due process claim waived for lack of development. Before the trial court, he provided a single sentence to explain this challenge to his registration requirements. *See* Appellant's Response to

Commonwealth's Motion to Dismiss at 1 (single page) ("Also the requirement that the defendant report under the Megan's Law is unconstitutional and illegal under the Due Process Clause of the United States Constitution and a violation of [Appellant's] State Constitutional Right to reputation under Pa. Const. Art. I, Sec. 1.") (citation omitted). Similarly, on appeal, Appellant fails to offer any developed discussion of how SORNA II's presumption that he poses a high risk of recidivism violates his constitutional right to reputation, such that we should afford him the relief he requests of vacating his lifetime registration requirement. *See* Appellant's Brief at 8-9, 11. This Court has explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008) (citations omitted). Because, here, Appellant did not raise his due process challenge in his *pro se* or amended petitions, or develop it in any meaningful fashion before the trial court or on appeal, we deem this argument waived.

Order affirmed.

Judge Kunselman joins this opinion.

Judge Pellegrini files a concurring opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/5/21