2021 PA Super 58

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFRED ELLIOTT | : | |
| | : | |
| Appellant | : | No. 3066 EDA 2019 |

Appeal from the PCRA Order Entered October 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1003221-2005

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

CONCURRING OPINION BY PELLEGRINI, J.:              **FILED: APRIL 5, 2021**

Before us is an appeal by Alfred Elliott (Appellant) from an order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition under the Post-Conviction Relief Act (PCRA) seeking to vacate the reporting requirements imposed under the Sexual Offenders Registration and Notification Act (SORNA) as untimely.[1]

In his PCRA petition, Appellant claimed that the new SORNA reporting requirements violate the *ex post facto* clause of the United States Constitution because they are punitive in nature precluding their retroactive application. In his brief to this Court, Appellant contends that his due process rights under

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10- 9799.41.

the United States Constitution have been violated because there is no rational basis to impose those requirements on him because he is not a high risk of being a recidivist. He also claims that causing him to register as a sex offender violates his inherent right to reputation under Article I, Section 1 of the Pennsylvania Constitution, and before that right can be taken away, he is entitled to a hearing. Without addressing the merits, the PCRA court dismissed the petition as untimely because it was filed more than one year after his conviction became final.

Relying on **Commonwealth v. Smith**, 240 A.3d 654, 658 (Pa. Super. 2020), which held that because SORNA imposes non-punitive, administrative requirements substantive claims challenging SORNA registration requirements are not cognizable under the PCRA, the majority finds that the PCRA court erred in dismissing the petition as untimely. **See also Commonwealth v. Moose**, ____ A.3d ____, 2021 Pa. Super 2 (Jan. 4, 2021). However, the majority then goes on to dismiss the PCRA petition, finding that there were no merits to his claims he raised on appeal. It held that his *ex post facto* claim is without merit because in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), our Supreme Court held that SORNA registration requirements were not punitive in nature and, therefore, the *ex post facto* clause is inapplicable. As to due process and reputation claims, the majority dismisses those claims because they were not raised in the PCRA petition, as well as the arguments were not fully developed in Appellant's brief.

I agree with the majority that the trial court erred in even conducting an analysis under the PCRA to determine that it was timely. The PCRA only "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Because SORNA registration requirements are not criminal, then by definition, those requirements are not part of the criminal sentence.

Moreover, SORNA itself does not give the trial court jurisdiction to impose SORNA obligations as part of the sentence as it is just one of many entities that has to inform a sex offender of his obligation to register. 42 Pa.C.S. § 9799.20 provides:

> In order to implement the provisions of section 9799.19 (relating to initial registration), as appropriate, the Pennsylvania State Police, the court having jurisdiction over the sexual offender, the chief juvenile probation officer of the court and the appropriate official of the Pennsylvania Board of Probation and Parole, county office of probation and parole, the Department of Public Welfare or a State or county correctional institution shall:
>
> (1) Inform the individual required to register of the individual's duties under this subchapter.
>
> (2) Require the individual to read and sign a form stating that the duty to register has been explained and that the individual understands the registration requirement.
>
> (3) Collect the information required under section 9799.16 (b) and (c) (relating to registry) and forward the information to the Pennsylvania State Police for inclusion in the registry as set forth in this subchapter.

Tellingly, the court's failure to do so is irrelevant: "Failure by the court to provide the information ... to correctly inform ... or to require a sexual

offender to register shall not relieve the sexual offender from the requirements of this subchapter." 42 Pa.C.S. § 9799.23(b)(1). In fact, with limited exceptions, a court has "no authority to relieve a sexual offender from the duty to register ... or to modify the requirements[.]" 42 Pa.C.S. § 9799.23(b)(2).

From the above, it is clear that the PCRA is not the proper vehicle for challenging SORNA registration requirements because, as a collateral consequence of a criminal conviction, there was no illegal sentence; in fact, no sentence at all to correct.[2]

Where I part company with the majority is that I would not have addressed the substantive issues that Appellant raised or failed to properly raise but would have dismissed his PCRA petition as not setting forth a claim that falls within its statutory provisions; here, an illegal sentence. If he continues to desire to challenge the SORNA registration requirements,

_____

[2] It is problematic that SORNA registration requirements in a direct appeal of the prescribed crime because all the trial court does is inform the defendant of the collateral civil consequences of the conviction of the prescribed crime which does not result in an appealable order on the docket from which to appeal. *See* Pa.R.A.P. 301(a). The scheme echoes the trial court's responsibility under 75 Pa.C.S. § 1540 requirements that the trial court or the district attorney, upon conviction by an offense which calls for mandatory suspension of an individual's operating privilege, to inform the defendant that the suspension shall be effective within 60 days. A challenge to the imposition of those collateral consequences are not part of the appeal of the underlying offense, e.g., driving under the influence.

Appellant needs to bring a due process "as applied" challenge in the Commonwealth Court's original jurisdiction[3] to enjoin the Pennsylvania State Police, the agency charged under 42 Pa.C.S. § 9799.22 and 42 Pa.C.S. § 9799.32, with implementing and enforcing SORNA, from enforcing those requirements as applied to him. Those types of challenges will be tried in accordance with Chapter 15 of the Pa. Rules of Appellate Procedure which incorporates the Rules of Civil Procedure which provide for an orderly way for a prompt disposition of the civil claims involved here.

According, for the foregoing reason, I respectfully concur in the majority's decision to dismiss Appellant's PCRA petition.

---

[3] 42 Pa. C.S. § 761(a) provides "General rule.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity …,".