J-S07012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT FRANKLIN MUCCI | : | |
| | : | |
| Appellant | : | No. 876 WDA 2020 |

Appeal from the PCRA Order Entered July 17, 2020
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000327-2009

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY: SHOGAN, J.                    **FILED: JUNE 24, 2021**

Appellant, Robert Franklin Mucci, appeals *pro se* from the order entered July 17, 2020, in the Court of Common Pleas of Elk County.  We quash.

The common pleas court set forth the pertinent procedural history of this matter as follows:

> The record of this case includes [Appellant] having entered pleas of guilty to two counts of aggravated indecent assault, 18 Pa.C.S.A. [§] 3125(a)(7), and one count of sexual abuse of children, 18 Pa.C.S.A. [§] 6312(b), all graded as second degree felonies, on August 18, 2011.  Consequently, [Appellant] was ordered to undergo an assessment by a member of the Sexual Offenders Assessment Board (SOAB) pursuant to 42 Pa.C.S.A. [§] 9795.4.  The assessment by a member of [the] SOAB was conducted on October 20, 2011.  On November 21, 2011, [Appellant] entered a signed stipulation with his counsel in which he agreed that the October 21, 2011 report of the member of [the SOAB] provided sufficient, clear and convincing evidence that he was a sexually violent predator (S.V.P.).  [Appellant] also waived the necessity of any S.V.P. hearing, and agreed that the stipulation that he was an S.V.P. could be entered as a court order.  By order of court dated November 23, 2011[,] and docketed

November 28, 2011, [Appellant] was found to be [an S.V.P.] pursuant to 42 Pa.C.S.A. [§] 9795.4(e) and 42 Pa.C.S.A. [§] 9792, provisions of Megan's Law III[,] which was in effect at that time. [Appellant] was then sentenced on December 22, 2011[,] in accordance with the terms of the proposed sentence negotiated by counsel for the Commonwealth and his attorney, Douglas Sughrue, Esq. In accordance with the negotiated pleas and suggested sentences, he was sentenced *inter alia* to an aggregate period of incarceration of not less than 8 nor more than 27 years. This [c]ourt also provided [Appellant] with a registration notice dated December 22, 2011[,] and docketed December 27, 2011[,] stating that he was subject to the lifetime registration requirements of Megan's Law III including 42 Pa.C.S.A. [§] 9795.1(b)(2) and 42 Pa C.S.A. [§] 9795.1(b)(3).

A hearing on the petition for a writ of habeas corpus/writ of corum nobis filed August 26, 2016[,] was scheduled for February 27, 2017, but continued until May 22, 2017. A *pro se* motion for correction of the record and issuance of a corrected DC-300B commitment order was then filed by [Appellant] on March 9, 2017. The hearing on that motion was scheduled for the same time as the continued hearing on May 22, 2017. [Appellant] then filed a petition on May 4, 2017 withdrawing two claims asserted in his habeas petition and requesting that the hearing be conducted by video conference. [Appellant] next requested a continuance of the May 22, 2017[,] hearing due to the inability of the Department of Corrections to provide adequate time to conduct the hearing by video conference. The hearing was continued until August 4, 2017[,] and then ultimately rescheduled until September 29, 2017.

On August 24, 2017, [Appellant] filed an "Addendum/Supplement to Petitioner's Habeas Corpus/Coram Petition seeking Declaratory and Injunctive Relief from the Retroactive Application of SORNA." The Commonwealth filed a motion to dismiss [Appellant's] petition for a writ of habeas corpus on September 29, 2017, to which [Appellant] filed an answer. [Appellant] filed a brief in support of his habeas petition on December 8, 2017. He next filed a post-brief submission/addendum to argument/supplemental case authority supporting relief requested retroactively on December 18, 2017. [Appellant] then filed a second post brief submission on December 27, 2017. The motion for leave to supplement the record filed by [Appellant] on April 23, 2018[,] was granted by Order of Court on

September 7, 2018[,] and [Appellant] was given until October 1, 2018[,] to submit any additional authority. An amendment/supplement to the habeas petition was filed by [Appellant] on September 24, 2018. The October 1, 2018 date notwithstanding, [Appellant's] "post case submissions" received and filed November 8, 2018[,] and December 20, 2018[,] respectively have also been considered.

Trial Court Discussion and Memorandum Opinion, 12/28/18, at 1-3.

On December 28, 2018, the trial court entered an order denying Appellant's petition.[1] Appellant did not file an appeal from the December 28, 2018 order. Rather, Appellant filed a timely petition for reconsideration on January 7, 2019, which the trial court denied on February 15, 2019. On March 4, 2019, Appellant filed a motion seeking the reinstatement of his appeal rights *nunc pro tunc*. On April 22, 2019, the trial court scheduled a hearing on the motion and, on May 23, 2019, appointed counsel for purposes of the hearing. The trial court held a hearing on July 29, 2019. On October 2, 2019, the trial court entered an order denying Appellant's motion for reinstatement of his right to appeal. Further, the order vacated the limited appointment of

_____

[1] The text of the order provides as follows:

[I]n accordance with the Discussion and Memorandum Opinion entered herewith, [concluding Appellant's filings are untimely attempts to invoke the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546,] IT IS ORDERED that [Appellant's] pleadings in the nature of a petition for writ of habeas corpus or in the alternative, a petition for writ of corum nobis is DENIED.

Order, 12/28/19, at 1.

- 3 -

counsel and appointed new counsel to represent Appellant in "any subsequent proceedings and to address the merit, if any of the positions and issues promoted by [Appellant]." Order, 10/2/19, at 2.

On October 31, 2019, newly appointed counsel filed a motion to withdraw and a *Turner*/*Finley* no-merit letter.[2]  On June 18, 2020, the trial court filed a "discussion, notice and order," ultimately ordering that "in accordance with Pa.R.Crim.P. 907(1), the Commonwealth and [Appellant] are notified that to the extent any of [Appellant's] pending pleadings are construed as a PCRA petition, the [c]ourt intends to dismiss such petition." Order, 6/18/20, at 3.  Also on June 18, 2020, the trial court filed an order granting appointed counsel's request to withdraw.  Appellant filed a response on July 2, 2020.  On July 17, 2020, the trial court entered an order denying any pending PCRA petitions.

Appellant filed this appeal on August 17, 2020.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we set forth verbatim:

> 1. Did the PCRA court err when it failed to grant the Appellant habeas corpus relief from his void ab initio SVP designation and lifetime registration requirements imposed absent any lawful statutory authority under Megan's Law III which fell outside the scope and strictures of the Post Conviction Relief Act (PCRA)?

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2. Did the PCRA court err when it determined that it lacked jurisdiction to consider the Appellant's constitutional challenges to SORNA II, Subchapter I (42 Pa.C.S. §§9799.51-9799.75) under the Post Conviction Relief Act (PCRA) and denying relief based upon the invalidation of Megan's Law III in its entirety leaving nothing lawful to enforce by operation of the void ab initio doctrine?

3. Did the PCRA court err in its legal conclusion that the Appellant failed to establish a timeliness exception to the PCRA timebar based upon retained counsel's complete abandonment and unofficial withdrawal at the critical post-sentence motions and direct appeal stage effectively leaving the Appellant uncounseled?

4. Did the PCRA court err in its legal conclusion that the Appellant's PCRA petition was untimely after failing to appoint counsel on his first petition in accordance with Pa.R.Crim.P. 904(C) where Appellant was unable to retain or "otherwise procure counsel" despite his repeated attempts, thus forcing him to proceed pro se and represent himself absent conducting a Grazier hearing?

5. Was PCRA counsel ineffective for failing to file an amended PCRA petition on the Appellant's behalf asserting a timeliness exception based upon trial counsel's abandonment and informal withdrawal from the case at a critical stage, and for failing to advocate for relief from Appellant's void SVP designation and lifetime registration requirements imposed under Megan's law III?

6 Does the rigid application of the PCRA timebar to the facts of this case render the timebar unconstitutional on its face and/or unconstitutional as-applied to the Appellant?

Appellant's Brief at 4-5.

Prior to addressing the merits of the issues presented by Appellant, we first consider whether this appeal is properly before this Court.[3]    The

_____

[3] Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of the other issues raised by Appellant before determining whether the appeal was timely filed.  **See Commonwealth v. Green**, 862

Commonwealth argues that the appeal should be quashed because Appellant failed to file a timely appeal from the proper order. Commonwealth's Brief at 8-11. Specifically, the Commonwealth asserts that in the order entered December 28, 2018, the trial court denied Appellant's petition, which the trial court determined to be an untimely PCRA petition, regardless of the fact that it was titled a petition for writ of *habeas corpus* or in the alternative, a writ of error *coram nobis*. **Id**. at 8. The Commonwealth posits that Appellant was required to file a notice of appeal within thirty days of the December 28, 2018 order. We agree.

As set forth above in the recitation of the procedural history of this case, on August 26, 2016, nearly five years after entry of his judgment of sentence and S.V.P. designation, Appellant filed a petition for writ of *habeas corpus* and/or writ of error *coram nobis*. Appellant then provided the trial court with additional filings, and a hearing was held on September 29, 2017. Subsequently, Appellant filed additional pleadings with the trial court. On December 28, 2018, the trial court entered an order that denied Appellant's petition, considering it to be an untimely PCRA. However, Appellant failed to take a timely appeal from that order. Appellant essentially concedes that the

---

A.2d 613, 615 (Pa. Super. 2004) (noting that timeliness of appeal implicates jurisdiction and may be raised *sua sponte*). It is undisputed that a notice of appeal must be filed within thirty days of the disputed order. Pa.R.A.P. 903(a). Specifically, Rule 903(a) provides that "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

J-S07012-21

December 28, 2018 order "may technically have been final for purposes of appeal." Appellant's Reply Brief at 4. Aware of his error in failing to file a timely appeal, on March 4, 2019, Appellant filed a motion for the reinstatement of his right to appeal *nunc pro tunc*, which was denied after a hearing. Thus, Appellant failed to perfect an appeal from the final order entered December 28, 2018. As the Commonwealth further explains,

> For reasons that are unclear, despite [Appellant's] lack of indigent status, new counsel was appointed. Although the trial court did not specify the purpose of the appointment except to refer to promoting [Appellant's] interests in "subsequent proceedings," counsel proceeded under the apparent presumption that there was a pending PCRA petition. However, because a final order already had been entered, the proceedings thereafter are a legal nullity.

Commonwealth's Brief at 10-11. We agree that the appealable order in this matter was entered on December 28, 2018. As such, the instant appeal, filed on August 17, 2020, is patently untimely, and at this juncture, we lack jurisdiction to address Appellant's claims.[4]

_____

[4] We note that in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), our Supreme Court recognized the problems registrants face in challenging changes to sex-offender-registration statutes, and declared that registrants are not to be restricted to using the PCRA as the exclusive means for challenging their registration requirements. **Id**. at 617-618. Consequently, if we had been presented with a timely appeal from the final order entered December 28, 2018, pursuant to **Lacombe** we would have held Appellant's challenge to his registration is not subject to the PCRA's time restrictions. **See Commonwealth v. Smith**, 240 A.3d 654, 658 (Pa. Super. 2020) (holding that substantive claims challenging the application of SORNA II's lifetime registration requirements are not cognizable under the PCRA and thus, not subject to its time-bar). Hence, if we had reached the merits of Appellant's

- 7 -

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/24/2021

---

claims, we would have vacated the December 28, 2018 order of the trial court that concluded Appellant's filing was an untimely PCRA petition, and remanded for further proceedings.