J-S10027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            : PENNSYLVANIA
                                            :
              v.                        :
                                            :
                                            :
JUAN ORTIZ                       :
                                            :
            Appellant        : No. 657 MDA 2020

Appeal from the PCRA Order Entered April 14, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001124-2003

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:           **FILED JULY 27, 2021**

Juan Ortiz appeals from the denial of his challenge to the application of the Sex Offender Registration and Notification Act ("SORNA")[1] to him. The court found the claim was raised in untimely Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, petition. We vacate the order and remand.

On February 16, 2005, a jury convicted Ortiz of one count each of False Imprisonment, Kidnapping, and Terroristic Threats, two counts of Rape, and three counts of Indecent Assault.[2] The court sentenced Ortiz to 9½ to 22

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa. C.S.A. §§ 9799.10-9799.42 (subsequently amended 2018).

[2] 18 Pa.C.S.A. §§ 2903, 2901, 2706, 3121, and 3126, respectively.

years' incarceration and 15 years' probation. This Court affirmed the judgment of sentence in December 2006. Ortiz did not seek further appellate review.

Ortiz filed a timely PCRA petition in February 2007, and the court appointed counsel, who filed a **_Turner/Finley_**[3] "no merit" letter. The court dismissed the petition and granted counsel's petition to withdraw. Ortiz appealed and this Court found most claims lacked merit. However, we remanded for a hearing on a single issue – whether trial counsel was ineffective for failing to communicate a plea offer. After a hearing, the PCRA court dismissed the claim, and on renewed appeal, this Court affirmed.

In December 2017, Ortiz filed a second _pro_ se PCRA petition, and the PCRA court appointed counsel. Before counsel had taken any court action, Ortiz filed a third _pro se_ petition, in February 2018, claiming SORNA should not apply to him. After the court appointed new counsel for reasons not at issue in this appeal, counsel filed a **_Turner/Finley_** letter and a petition to withdraw as counsel. The **_Turner/Finley_** letter treated the third _pro se_ petition as a supplement to the second PCRA petition, addressed all issues, and found none that were meritorious because counsel concluded that both petitions were untimely PCRA petitions.

On February 11, 2020, the court entered a Notice of Intent to Dismiss the PCRA Petition pursuant to Pennsylvania Rule of Criminal Procedure 907, finding the petition was untimely and no exception to the PCRA time-bar

---

[3] **_Commonwealth v Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

applied. Ortiz filed a response to the Notice of Intent. In April 2020, the court

dismissed the petition. The court also granted counsel's petition to withdraw.

Ortiz filed a timely notice of appeal.

Ortiz raises two issue on appeal:

> 1. Did PCRA counsel and the trial court error/ where finding that 42 pa. C.S. 9799.13 and 42 pa. C.S. §9799.14; did not retroactively apply and violate petitioners' (Juan Ortiz's') federal and state constitutional rights pursuant too: ***Commonwealth v. Muniz***[,135 A.3d 178 (Pa. 2016)]?

> 2. Whether it is unconstitutional an illegal sentence/ under the United States and Pennsylvania, constitutions to apply the punitive provisions of Sorna retroactively to petitioners' (Juan Ortiz') pre-sorna conviction and sentence/ in violation of the ex post facto doctrine/ and clause/ of the United States and Pennsylvania constitutions/ insofar as being applied in the state supreme courts' decision in [***Muniz***]/ which clearly resulted in an illegal an unconstitutional sentence/ when the later court declared that your instant petitioner/ a sexually violent predator/ whom must now register as a lifetime (svp) and subject to all of the sentencing requirements of (sorna) retroactively to petitioners' prior sentence?

Ortiz's Br. at 5.

Ortiz argues that the Pennsylvania Supreme Court in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), found SORNA punitive and held that retroactive application of SORNA to pre-SORNA offenders violates the Ex-Post Facto Clause of both the United States and Pennsylvania Constitutions and infringed upon the right to reputation guaranteed by the Pennsylvania Constitution. Ortiz then states ***Muniz*** applied retroactively on collateral review. Ortiz's Br. at 8. Ortiz states that the United States Constitution

requires that state court give full retroactive effect to substantive rules of constitutional law per **Montgomery v. Louisiana**, 577 U.S 190 (2016). He closes by stating that PCRA counsel rendered deficient performance by filing a **Turner/Finley** letter and erroneously finding that his petition was meritless due to PCRA time limitations.

Until recently, a petitioner seeking to challenge SORNA registration requirements had to do so in a timely PCRA petition. **See, e.g., Commonwealth v. Moose**, 245 A.3d 1121, 1128 (Pa.Super. 2021) (reviewing challenges to SORNA in wake of **Muniz**). However, in **Commonwealth v. Lacombe**, 234 A.3d 602, 617 (Pa. 2020), the Pennsylvania Supreme Court declared that the PCRA is not the exclusive manner for SORNA registrants to challenge their registration requirements. Consequently, it found no merit in the notion that registrants seeking relief from such requirements must do so in a timely PCRA petition. **See id.** at 617-18.

Pursuant to **Lacombe**, Ortiz's challenge to his sex offender registration is not subject to the PCRA's time limits. **See Commonwealth v. Smith**, 240 A.3d 654, 658 (Pa.Super. 2020). We do not consider Ortiz's raising of his challenge in a *pro se* petition after the court had appointed counsel to be an instance of hybrid representation because counsel had an independent duty to review the record himself before filing the **Turner/Finley** letter. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). We therefore vacate the order of the trial court to the extent it denied his challenge to

SORNA registration, and remand for further proceedings consistent with this Memorandum.[4]

Order vacated. Case remanded. Jurisdiction relinquished.[5]

Judge Murray joins the memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/21

_____

[4] On appeal, Ortiz challenges only the dismissal of the SORNA claim. He has waived for appellate purposes any other claim raised in the PCRA.

[5] We deny Ortiz's Application for Relief, claiming he did not receive the Commonwealth's brief, as moot. The Commonwealth served a copy on him at the time of filing, and, in an abundance of caution, mailed a second copy to him after receiving his Application.