J-S10021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC BOHN | : | |
| | : | |
| Appellant | : | No. 1347 MDA 2020 |

Appeal from the PCRA Order Entered October 16, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003115-2014

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED OCTOBER 05, 2021**

Eric Bohn appeals *pro se* from the order dismissing a petition that the lower court treated as a Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Bohn argues the Sexual Offender Registration and Notification Act ("SORNA") is unconstitutional. We affirm.

As a result of an incident that occurred in 2014, Bohn pleaded guilty to Aggravated Indecent Assault of a Child Less than 13 Years Old[1] in exchange for a sentence of four to 10 years' incarceration. The court notified Bohn at his 2015 sentencing that he would be subject to registration and reporting requirements under SORNA. **See** 42 Pa.C.S.A. § 9799.13. Bohn did not file a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3125(a)(7).

Bohn filed a "Motion to be Removed from SORNA as it is Punitive" in February 2020, which the court treated as Bohn's first PCRA petition. Bohn claimed that SORNA registration requirements were punitive and were unconstitutionally applied to him retroactively, and sought relief under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and its progeny. The PCRA court appointed counsel, who filed a "no-merit" letter and motion to withdraw.[2]

The PCRA court thereafter issued a notice of its intent to dismiss Bohn's petition without a hearing. **See** Pa.R.Crim.P. 907. The court found the petition was untimely under the PCRA's filing requirements, as **Muniz** does not qualify a petition as timely under the PCRA's third timeliness exception, and moreover, Bohn did not file his petition within 60 days of the **Muniz** decision. **See** Rule 907 Notice, filed 7/16/20, at 4-5. The same day, the court issued an order granting counsel's motion to withdraw.

Bohn filed a *pro se* response, in which he claimed PCRA counsel was ineffective for failing to contact him, and that the PCRA court had "jurisdiction to waive untimel[i]ness as said issue has been deemed unconstitutional by the Pa Supreme Court." Bohn's Objections to Rule 907 notice, 9/19/20, at 1-2.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998) (*en banc*).

The court dismissed the petition, and Bohn filed a *pro se* notice of appeal.[3] He raises the following issues:

> 1. Whether the [c]ourt abused its discretion or committed error of [l]aw by denying [Bohn's] Post-Conviction Relief Act ("PCRA") [petition] under timeliness pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii)(2) when [Bohn] was entitled [to] retroactive relief as [a] result of the Supreme Court's ruling [in] *Commonwealth v. Muniz*, 164 A.3d 1189 ([Pa.] 2017).
>
> 2. Whether the [c]ourt abused its discretion or committed error of [l]aw by denying [Bohn] relief to be removed from Registration Requirement (SORNA).
>
> 3. Whether the [c]ourt abused its discretion or committed error of [l]aw by denying [PCRA] relief caused by Honorable Stephen B. Liberman for misapprehending or ignoring facts of record and misapplying the Law.

Bohn's Br. at 2 (suggested answers omitted).

Bohn argues that in *Muniz*, the Pennsylvania Supreme Court held that SORNA was unconstitutional. *See* Bohn's Br. at 8. He claims that the 2018 amendments to SORNA were an impermissible attempt to sever the unconstitutional provisions. *Id.* at 8-9. He asserts that because the prior version of SORNA was struck down, the amended version of SORNA "cannot be applied to past offenders retroactively, as it would violate the ex Post facto clause of the PA Constitution Art. 1 sect. 17." *Id.* at 10.

---

[3] Although Bohn's Notice of Appeal does not reference the date of the order under appeal, and Bohn has attached to his Notice of Appeal the court's July 16, 2020 Rule 907 notice of its intention to dismiss Bohn's petition, Bohn filed his Notice of Appeal four days after the court issued the order dismissing his PCRA petition, and we deem the appeal to be from that final, appealable order.

Bohn also asserts his petition is timely, because he filed his petition within 60 days of "when the claim became present" [sic] to him. He states that "because of [his] incarceration, up dates [sic] on the law library computers comes not often. So [he] put in his petition as soon as the information came [be]came avail[able] to him." *Id.* at 9.

"Whether an individual's claims are cognizable under the PCRA presents a question of law." *Commonwealth v. Smith*, 240 A.3d 654, 657 (Pa.Super. 2020). "Thus, our standard of review is *de novo*, and our scope of review is plenary." *Id.*

In *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), the Pennsylvania Supreme Court declared that registrants should not be restricted to using the PCRA as the exclusive means for challenging their registration requirements. *Id.* at 617-18. Therefore, Bohn's challenge to his sex offender registration need not comport with the PCRA's requirements, including those related to timeliness. *See Smith*, 240 A.3d at 658; *Commonwealth v. Moose*, 245 A.3d 1121, 1129, 1129 n.6 (Pa.Super. 2021).

However, we discern no constitutional violations related to Bohn's sex offender registration requirements. *Muniz* held that SORNA, in its initial form, was punitive and therefore its retroactive application to offenders who committed offenses prior to its 2012 effective date violated the *ex post facto* clauses of the federal and state constitutions. *Muniz*, 164 A.3d at 1218. Here, Bohn committed his offense in 2014, after SORNA's effective date, and

therefore subjecting him to SORNA's requirements is not an *ex post facto* violation. **Muniz** simply does not apply.

While the General Assembly amended SORNA in 2018—adding Subchapter I to apply to those offenders who committed offenses prior to SORNA's 2012 enactment[4]—these amendments have no bearing on Bohn's requirements under SORNA. Moreover, as the trial court noted, the Supreme Court has held that Subchapter I's requirements are non-punitive and therefore their application cannot constitute an *ex post facto* violation. **See Lacombe**, 234 A.3d at 626-27. We therefore affirm the order denying Bohn relief.[5]

Order affirmed.

Judge Murray joins the memorandum.

Judge Pellegrini files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/05/2021

---

[4] **See** 42 Pa.C.S.A. §§9799.51-9799.75.

[5] We may affirm the order of the trial court on any basis. **See Commonwealth v. Gross**, 232 A.3d 819, 846 (Pa.Super.) (*en banc*), *appeal denied*, 242 A.3d 307 (Pa. 2020).

- 5 -