J-A03041-20

2020 PA Super 237

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN JAMES SMITH | : | |
| | : | |
| Appellant | : | No. 1011 MDA 2019 |

Appeal from the Order Entered June 5, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000429-2013

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

OPINION BY DUBOW, J.:                     **FILED SEPTEMBER 28, 2020**

Appellant, Steven James Smith, appeals from the Order entered June 5, 2019, which denied him relief from his lifetime requirement to register as an offender pursuant to The Sexual Offender Registration and Notification Act ("SORNA").[1]  Pursuant to our Supreme Court's decision in ***Commonwealth v. Lacombe***, --- A.3d ---, 35 MAP 2018 (Pa. filed July 21, 2020), and after careful review, we vacate the lower court's Order and remand for further proceedings consistent with this Opinion.

---

[1] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29) (collectively, SORNA II).  ***See also*** Act of Dec. 20, 2011, P.L. 446, No. 111, *as amended*, 42 Pa.C.S. §§ 9799.10 to 9799.41 (SORNA I).

On September 17, 2013, Appellant pleaded guilty to two counts of Indecent Assault, committed while he was a juvenile.[2]  On January 9, 2014, the lower court imposed sentence and designated him a lifetime registrant under SORNA.  Appellant did not appeal from the Judgment of Sentence.

On December 13, 2018, Appellant filed a Motion for Removal from Registry ("Motion for Removal"), in which he asserted, *inter alia*, that the SORNA registration requirements violate his due process rights because he committed his crimes as a juvenile and because SORNA imposed an irrebuttable presumption of recidivism for juvenile offenders.[3]  The lower court deemed Appellant's Motion for Removal a petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The court then determined that Appellant's "petition" was untimely and denied relief without addressing Appellant's substantive claims.

Appellant timely appealed.  Both Appellant and the lower court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

---

[2] **See** 18 Pa.C.S. § 3126(a)(7).  Appellant's criminal conduct occurred between January 2002 and December 2008, when he was between ages ten and seventeen.

[3] In support of this claim, Appellant cited **In re J.B.**, 107 A.3d 1 (Pa. 2014) (holding that SORNA's lifetime registration provision violated juvenile offenders' due process rights); **see also Commonwealth v. Haines**, 222 A.3d 756 (Pa. Super. 2019) (extending **In re J.B.**, holding that it applies to criminal defendants who committed their crimes as juveniles, but were convicted as adults).

1. Whether the [lower] court [erred] by holding that [Appellant] filed an untimely PCRA [petition] and therefore did not have jurisdiction to reach the merits of his claim[s]; and

2. Whether [Appellant's] registration under 42 Pa.C.S.A. § 9799.52 is unconstitutional because it violates his due process rights and imposes an *ex post facto* and cruel and unusual punishment in violation of the Pennsylvania and United States Constitutions.

Appellant's Br. at 1-2.

Initially, Appellant disputes the lower court's conclusion that his request for removal from the sexual offender registry was an untimely PCRA petition. *Id.* at 9. According to Appellant, absent precedent establishing that his SORNA registration requirements constitute a punitive extension of his sentence, his claims are not cognizable under the PCRA. *See id.* at 13.

Whether an individual's claims are cognizable under the PCRA presents a question of law. *Commonwealth v. Descardes*, 136 A.3d 493, 496-97 (Pa. 2016). Thus, our standard of review is *de novo*, and our scope of review is plenary. *Id.* at 497.

The PCRA provides a means of obtaining relief for "persons convicted of crimes they did not commit and persons serving illegal sentences[.]" 42 Pa.C.S. § 9542. It is now well settled that the PCRA has subsumed other forms of post-conviction relief, including *habeas corpus* and *coram nobis*. *See Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised [otherwise]." *Id.* at 466.

Although the scope of the PCRA is broad, it is not without limitation. For example, the PCRA "is not intended to . . . provide relief from collateral consequences of a criminal conviction." 42 Pa.C.S. § 9542.

In rejecting Appellant's argument, the lower court determined that, because Appellant was subject to the registration requirements of SORNA I when he was sentenced in 2014 for his underlying crimes, his substantive claims implicated the legality of his sentence, an issue cognizable under the PCRA and therefore subject to its timeliness requirements. PCRA Ct. Op., 6/5/19, at 7-8 (citing **Commonwealth v. Greco**, 203 A.3d 1120 (Pa. Super. 2019)). Finding no relevant exception to the PCRA's time-bar, the court concluded that it was without jurisdiction to consider Appellant's claims. **Id.** For the following reasons, we disagree.

Initially, we note that the trial court's reliance on SORNA I to support its conclusion that Appellant's challenge implicated the legality of his sentence was incorrect. When Appellant filed his Motion for Removal, SORNA I was no longer the law: in 2017, our Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017), and held that the retroactive application of SORNA I was unconstitutional. In response, the General Assembly enacted SORNA II. **See** 42 Pa.C.S. § 9799.51(b)(4). Because offender registration requirements evolve pursuant to the legislative decisions of our General Assembly, registrants must comply with **current** law. **See, e.g.**, **Lacombe** at *1 (tracing Lacombe's evolving requirements from the

then-applicable version of Megan's Law to SORNA I and, ultimately, SORNA II).

Appellant sought relief from his lifetime registration requirements in December 2018. At this time, he was no longer subject to the requirements of SORNA I. Rather, Appellant was subject to the registration requirements mandated by Subchapter I of SORNA II. *See* 42 Pa.C.S. § 9799.52(1) (providing that Subchapter I is applicable to an offender who committed an offense prior to December 20, 2012, and whose registration period has not expired); *see also Lacombe* at *1 (addressing the constitutionality of SORNA II because Lacombe was convicted in 1997 and his registration period had not yet expired). Thus, the trial court erred in relying on SORNA I.[4]

Second, our Supreme Court recently examined the registration requirements mandated by Subchapter I of SORNA II and found them to be non-punitive. *Lacombe* at *18. Non-punitive, administrative requirements are merely collateral consequences of a criminal conviction. *Commonwealth v. Leidig*, 956 A.2d 399, 406 (Pa. 2008). Thus, a challenge to the requirements mandated by Subchapter I of SORNA II pertains to a collateral

---

[4] Further, because Appellant was no longer subject to SORNA I, the trial court's reliance upon *Greco* was misplaced. In that case, we held that the punitive effect of SORNA I's requirements implicated the legality of an offender's sentence. *Greco*, 203 A.3d at 1123. Therefore, a challenge to those requirements was cognizable under the PCRA. *Id.* In contrast, Appellant challenges his registration requirements under Subchapter I of SORNA II. Thus, our holding in *Greco* is inapposite here.

consequence of one's criminal sentence and does not fall within the purview of the PCRA. 42 Pa.C.S. § 9542.

In addition, the **Lacombe** Court expressly declined "to find the PCRA, or any other procedural mechanism . . . the exclusive method for challenging sexual offender registration statutes[.]" **Lacombe** at *10. According to the Court, an offender's requirements change frequently and may be retroactively applicable. **See id.** Thus, the strict jurisdictional requirements of the PCRA render it unsuitable, because many registrants will be ineligible for relief on timeliness grounds or because their criminal sentence has expired while their registration requirements continue. **See id.**

For these reasons, we conclude that Appellant's Motion for Removal was not an untimely PCRA petition. His substantive claims challenging the application of Subchapter I of SORNA II's lifetime registration requirements are not cognizable under the PCRA and, thus, not subject to its time-bar. We therefore vacate the lower court's Order and remand for the court to consider his claims in the first instance.[5]

Order vacated; case remanded for further proceedings; jurisdiction relinquished.

---

[5] We decline to address Appellant's substantive claims at this time.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>09/28/2020</u>