J-S54024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE A. SMITH, III | : | |
| | : | |
| Appellant | : | No. 932 MDA 2020 |

Appeal from the PCRA Order Entered June 11, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003430-1995

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:      **FILED: APRIL 1, 2021**

Lee A. Smith, III, appeals from the order denying his "Motion to Bar the Applicability of Sex Offender Registration And/Or Petition for Writ of Habeas Corpus." Smith argues the trial court erred in treating his Motion as a petition filed under the Post Conviction Relief Act ("PCRA").[1] We vacate the order and remand.

In 1996, a jury convicted Smith of rape by forcible compulsion, and the court sentenced him to serve 7 to 20 years' incarceration. We affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Smith's petition for allowance of appeal in 1998. Smith thereafter filed two PCRA petitions and a petition to remove or modify parole, none of which resulted in relief. **See Commonwealth v. Smith**, No. 1080 MDA 2013, 2014 WL

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

10936586 at *1, *6-7 (Pa.Super. May 13, 2014) (unpublished memorandum). Smith was released from incarceration in 2017, after serving his full sentence. **See** Smith's Br. at 12.

Smith filed a "Motion to Bar the Applicability of Sex Offender Registration And/or Petition for Writ of Habeas Corpus" on January 21, 2020. In the Motion, Smith claimed that the Pennsylvania State Police was requiring him to register for his lifetime as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), or face felony charges. He argued that because SORNA did not take effect until 2012, after he had committed the acts for which he was sentenced, the registration requirement constitutes *ex post facto* punishment per **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). Smith also claimed the requirement violated his due process rights.

After receiving a response from the Commonwealth, the trial court treated Smith's Motion as a PCRA petition, found his Petition to be untimely, and issued notice of its intention to dismiss the Petition after 20 days. **See** Pa.R.Crim.P. 907.[2] Smith filed a response, arguing the court should not have treated his Motion as a PCRA Petition, because the PCRA only subsumes the types of collateral actions for which the PCRA may provide relief. **See** Defendant's Response to the Court's Notice of Intention to Dismiss Defendant's Petition, 6/9/20, at 3-4, ¶ 10-12 (citing **Commonwealth v.**

---

[2] The court relies on its Rule 907 order for its Pa.R.A.P. 1925(a) opinion.

*West*, 938 A.2d 1034, 1039 (Pa. 2007)). The court dismissed the petition, and Smith appealed.

Smith raises the following question: "Is Mr. Smith's 'Petition for Writ of Habeas Corpus' a PCRA petition that he filed too late?" Smith's Br. at 6.

"Whether an individual's claims are cognizable under the PCRA presents a question of law." *Commonwealth v. Smith*, 240 A.3d 654, 657 (Pa.Super. 2020). "Thus, our standard of review is *de novo*, and our scope of review is plenary." *Id.*

Until recently, petitioners seeking to challenge their sex offender registration requirements were required to do so in a timely PCRA petition. *See Commonwealth v. Moose*, ---A.3d----, 2021 WL 19030 at *5 (Pa.Super. 2021) (reviewing challenges to SORNA registration requirements in wake of *Muniz*). Here, as the trial court observed, Smith's motion is untimely under the PCRA's time constraints. *See* 42 Pa.C.S.A. § 9545(b) (allowing one year from the finality of the judgment of sentence in which to file a PCRA petition). Smith is further ineligible for PCRA relief because he is not currently serving a sentence of imprisonment, probation, or parole. *Id.* at § 9543(a)(1).

However, in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), the Pennsylvania Supreme Court recognized the problems registrants face in challenging changes to sex offender registration statutes, and declared that registrants should not be restricted to use the PCRA as the exclusive means for challenging their registration requirements. *Id.* at 617-18. Pursuant to

***Lacombe***, Smith's challenge to his sex offender registration is not subject to the PCRA's time restrictions. ***See Commonwealth v. Smith***, 240 A.3d 654, 658 (Pa.Super. 2020). We therefore vacate the order of the trial court denying his Motion, and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2021