J-S33023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN JOSEPH RICHARDSON | : | |
| | : | |
| Appellant | : | No. 403 MDA 2024 |

Appeal from the PCRA Order Entered January 18, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002203-2014

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: OCTOBER 18, 2024**

John Joseph Richardson appeals *pro se* from the order denying his most recent petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On April 7, 2006, pursuant to a negotiated plea agreement, Richardson pled guilty to one count each of statutory sexual assault, unlawful contact with a minor, indecent assault, and corruption of minors. On July 26, 2006, following a Megan's Law assessment where Richardson was determined to not be a sexually violent predator, Richardson was sentenced to an aggregate 3½ to 8 years of imprisonment, followed by a seven-year probationary term.

On September 2, 2014, Richardson entered a guilty plea for failure to register as a sex offender. Richardson was sentenced to 1 to 2 years of imprisonment, followed by a two-year probationary term.

On November 15, 2017, Richardson filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On January 12, 2018, PCRA counsel filed an amended PCRA petition, in which Richardson claimed that the registration requirements for the Sex Offenders Registration and Notification Act ("SORNA"), which was enacted after his 2006 conviction had been applied to him retroactively in violation of the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). Under the provisions of SORNA, Richard's original ten-year registration requirement increased to lifetime registration.

On May 2, 2018, the PCRA court held an evidentiary hearing. At the hearing, the parties stipulated that Richardson should be a ten-year Megan's Law registrant rather than a lifetime registrant. The court therefore reimposed the ten-year registration requirement but denied all other requests for post-conviction relief. Richardson appealed. On February 26, 2019, this Court affirmed the PCRA court's order. **Commonwealth v. Richardson**, 209 A.3d 1094 (Pa. Super. 2019) (non-precedential decision). On November 13, 2019, our Supreme Court denied Richardson's petition for allowance of appeal. **Commonwealth v. Richardson**, 219 A.2d 1105 (Pa. 2019).

The PCRA court summarized the subsequent procedural history as follows:

On September 15, 2023, [Richardson] filed a PCRA petition arguing the constitutionality of SORNA's registration requirements and how they affected his right to reputation. [The PCRA court] treated [Richardson's] petition as a Habeas petition rather than a PCRA petition. *See Commonwealth v. Lacombe*, 234 A.3d 602, 618 (Pa. 2020) (stating that the PCRA is not the exclusive way to challenge the constitutionality of sex offender registration requirements); *Commonwealth v. Smith*, 240 A.3d 654, 657-658 (Pa. Super. 2020) (stating that SORNA requirements are collateral consequences of a sentence and therefore do not fall within the purview of the PCRA statute). On November 7, 2023, the Commonwealth provided a response to [Richardson's] Habeas petition. On November 8, 2023, following a review of the Habeas petition and the Commonwealth's response, [the PCRA court] dismissed [Richardson's] Habeas petition. [Richardson did not file an appeal.]

On December 29, 2023, [Richardson] filed another PCRA petition with an identical argument to his September 15, 2023, PCRA/Habeas petition. On January 18, 2024, [the PCRA court] dismissed the petition as duplicative of [Richardson's] September 15, 2023, petition that was denied on November 8, 2023.

PCRA Court Opinion, 4/18/24, at 1-2 (unnumbered). This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Richard's hand-written brief on appeal consists of fourteen numbered paragraphs in which he presents multiple challenges to the constitutionality of SORNA's registration requirements.

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Webb*, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing *Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

Here, the PCRA court dismissed Richardson's December 2023 PCRA petition because it raised the same claims he raised in the September 2023 petition, and Richardson did not appeal the PCRA court's November 2023 order denying that petition. Thus, the claims Richardson now raises on appeal have been previously litigated under the PCRA. *See* 42 Pa.C.S.A. § 9544(a).

Moreover, even if not previously litigated, Richardson's various assertions regarding the punitive nature of SORNA and other constitutional challenges recently have been rejected by our Supreme Court as to Subchapter H of SORNA. *See generally*, *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024). Richardson committed his sex offenses in 2006; he is therefore subject to the registration requirements under Subchapter I. In *Commonwealth v. Lacombe*, 234 A.3d 602, 605 (Pa. 2020), our Supreme Court concluded that Subchapter I of SORNA was not punitive.

In essence, in this appeal Richardson seeks to prevail on the same arguments regarding Subchapter I that the high court rejected as to Chapter H in *Torsilieri*. In the companion case to *Lacombe*, our Supreme Court noted that that defendant made additional constitutional arguments that would fail because they were predicated on a finding that Subchapter I was punitive. *See Lacombe*, 234 A.2d at 608 n.5. Because our Supreme Court in *Lacombe* concluded that Subchapter I is not punitive, Richardson's derivative constitutional claims fail. Thus, even if not previously litigated, we would we affirm the order denying Richardson post-conviction relief on the merits.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/18/2024