J-S45025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: SCOTT ARLEN BAIEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 288 MDA 2024 |

Appeal from the Order Entered December 28, 2023
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-MD-0000019-2001

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 25, 2025**

Appellant Scott Arlen Baiel appeals from the order filed on December 28, 2023, by the Perry County Court of Common Pleas denying Appellant's motion to be removed from Pennsylvania's registry of sexual offenders.  After careful consideration, we affirm.

On April 26, 2001, Appellant pleaded guilty to Indecent Assault, graded as a first-degree misdemeanor.[1]  On May 17, 2001, the court sentenced Appellant to ten months to two years of incarceration in the Perry County Prison.  Pursuant to the then-applicable Megan's Law, Appellant was subject to a ten-year sexual offender registration requirement.

On August 16, 2022, Appellant filed *pro* se a "Motion to Compel," seeking termination of his sexual offender registration requirements, asserting

_____

[1] 18 Pa.C.S. § 3126(a)(7), (b)(3).

that his ten-year registration requirement had expired. On September 29, 2022, he filed a motion to add several constitutional challenges.

The trial court held two hearings on the matter, during which Barbara Wevodau, Esq., represented Appellant and Appellant appeared via Zoom. Attorney Wevodau acknowledged the need to determine the amount of time that Appellant had been incarcerated in Perry County, as well as in Texas and Florida, as "that would not count against his registration requirements." N.T., 10/6/23, at 3.

At the conclusion of the December 21, 2023 hearing and in its order filed December 28, 2023, the court denied relief, concluding that Appellant had not completed his ten-year registration period. The court explained that based upon Appellant's October 6, 2001 parole from Perry County Prison and his incarceration at other correctional facilities, Appellant had been incarcerated for at least 5,274 days, or slightly more than 14 years. Trial Ct. Op., 5/28/24, at 2 (unpaginated). Based upon this calculation, the court found that Appellant had amassed approximately 8 years of "street time [during which] he properly registered[.]" *Id.* at 2-3. Thus, the court denied relief based upon its conclusion that Appellant had approximately 2 years remaining of his ten-year registration requirement.

Appellant filed a *pro se* notice of appeal which the trial court docketed on February 16, 2024.[2] On February 22, 2024, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. After Appellant failed to comply, the court, *sua sponte*, extended the time for filing the statement after determining that Attorney Wevodau, who remained counsel of record, had not been served with either Appellant's *pro se* notice of appeal or the court's order requiring a Rule 1925(b) statement. Subsequently, Appellant and the court complied with Rule 1925.

In his counseled brief, Appellant raises the following question on appeal:

> Did the trial court abuse[] it[]s discretion in finding that Appellant should not be removed from the sexual offender's registration requirement of 10 years having been subject to same for a period of over eleven years?

Appellant's Br. at 6.

As Appellant committed the relevant offense in August 2000, Subchapter I of the Sex Offender Registration and Notification Act ("SORNA") applies and subjects Appellant to a period of ten years of registration.[3]

---

[2] The notice of appeal includes a date stamp of January 16, 2024, indicating its receipt for mailing by the Correctional Institute in Century, Florida. Accordingly, pursuant to the prisoner mailbox rule, we deem Appellant's *pro se* notice of appeal timely filed. **See** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of . . . the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence").

[3] 42 Pa.C.S. §§ 9799.51-9799.75; **id.** at § 9799.55(a)(1)(i)(A) (imposing a ten-year registration period on individuals convicted of 18 Pa.C.S. § 3126(a), where the offense was committed prior to December 20, 2012).

Subchapter I instructs that offenders "shall be required to register with the Pennsylvania State Police upon release from incarceration [or] upon parole from a State or county correctional facility[.]" 42 Pa.C.S. § 9799.56(a)(1)(ii). Significant to this appeal, the registration period "shall be tolled when an offender is recommitted for a parole violation or sentenced to an additional term of imprisonment." *Id.* at §9799.56(a)(3).[4]

Appellant argues that his ten-year registration requirement should have expired because he was sentenced more than 22 years ago. Appellant's Br. at 10-12. Appellant does not challenge the court's calculation of the time he has been subject to registration when not incarcerated.

Based on the plain language of SORNA, we reject Appellant's argument. SORNA's provisions explicitly mandate that Appellant's ten-year registration period commenced upon his parole from Perry County Prison and tolled upon his subsequent incarcerations. Accordingly, we agree with the court's conclusion that Appellant has not satisfied his ten-year registration requirement.[5]

---

[4] The trial court and the Commonwealth erroneously cited the commencement and tolling provisions of Subchapter H of SORNA, specifically 42 Pa.C.S. §§ 9799.15(b)(1)(i)(A) and (c)(1)(i), applicable to offenders whose offenses occurred after December 20, 2012. Despite the inapt citations, we find no relevant distinctions between the commencement and tolling provisions of Subchapters H and I.

[5] In addition to refuting the merits of Appellant's argument, the Commonwealth asserts that the Commonwealth Court is the proper venue for Appellant's challenge. Commonwealth's Br. at 4-6 (citing ***C.M. v.***
*(Footnote Continued Next Page)*

Appellant also avers that the continuation of his ten-year registration requirement violates his constitutional rights, including his right to equal protection under the 14th Amendment of the United States Constitution and the right to "liberty and reputation" under the Pennsylvania Constitution. Appellant's Br. at 9, 11-12. In support, he states that, as a result of his continued registration requirement in Pennsylvania, he is subject to lifetime registration in Florida and Texas. *Id.* at 11.

Appellant, however, fails to provide any legal precedent to support his argument that the tolling of sexual offender registration requirements during periods of incarceration violates constitutional protections. Rather, he relies generally on **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which held that SORNA's originally enacted registration provisions were punitive, such that their retroactive application violated the federal *ex post facto* clause. **Id.** at 1218. Notably, the General Assembly revised SORNA in 2018 to address, *inter alia*, the decision in **Muniz** by dividing "the registration statute into two chapters[,]" with Subchapter H applying to offenders who committed offenses on or after December 20, 2012, and Subchapter I, applicable to

_____

**Pennsylvania State Police**, 315 A.3d 908, 909 (Pa. Cmwlth. 2024)). Regardless of whether Appellant should have asserted his claim against the Pennsylvania State Police in a petition for review in the Commonwealth Court's original jurisdiction, we conclude that the Commonwealth waived its challenge to venue by failing to object in the trial court. **See Commonwealth v. Bethea**, 828 A.2d 1066, 1073 (Pa. 2003) (stating that challenges to "venue may always be waived") (citation omitted). Moreover, we find that the interests of judicial economy favor rejection of Appellant's claim based upon the plain language of SORNA rather than remanding or transferring the case.

sexual offenders like Appellant, whose crimes occurred prior to December 20, 2012. *Commonwealth v. Torsilieri*, 316 A.3d 77, 81 (Pa. 2024); *see also* 42 Pa.C.S. § 9799.11.

Critically, and in contrast to *Muniz*, the Supreme Court concluded that Subchapter I's registration provisions are non-punitive, and instead "are merely collateral consequences of a criminal conviction." *Commonwealth v. Smith*, 240 A.3d 654, 658 (Pa. Super. 2020); *Commonwealth v. Lacombe*, 234 A.3d 602, 605 (Pa. 2020). This holding undermines Appellant's reliance on *Muniz* because, to invoke the protections of the constitutional provisions at issue, the "legislation must be deemed to be in the nature of criminal punishment[.]" *Torsilieri*, 316 A.3d at 80. Accordingly, Appellant's argument merits no relief.[6]

Additionally, we find Appellant waived his challenge based upon the right to reputation by failing to support it with legal precedent. *See Commonwealth v. Wilson*, 147 A.3d 7, 15 (Pa. Super. 2016) ("Where an appellant offers no citation to pertinent case law or other authority in support of an argument, the claim is waived."); *see also* Pa.R.A.P. 2119(a) (requiring citation to legal authority to support an argument set forth in an appellate brief).

---

[6] The trial court rejected Appellant's constitutional claims based upon its conclusion that the revisions to SORNA did not subject Appellant to "any additional registration time[,]" without recognizing the impact of the enactment of Subchapter I on the *Muniz* analysis. Trial Ct. Op. at 3. Nevertheless, "[w]e are not bound by the rationale of the trial court[] and may affirm on any basis." *In re Jacobs*, 15 A.3d 509 n.1 (Pa. Super. 2011).

Accordingly, as Appellant's arguments warrant no relief, we affirm the trial court's order denying relief.

Order affirmed.


Judgment Entered.


_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/25/2025