J-S13030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEKODA ROBERT FOX | : | |
| | : | |
| Appellant | : | No. 1422 MDA 2024 |

Appeal from the PCRA Order Entered September 6, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004375-2022

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 16, 2025**

Nekoda Robert Fox appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows.  On June 22, 2022, a criminal complaint was filed alleging that, between April 1, 2020, and September 1, 2020, Fox engaged in contact with a child under the age of thirteen constituting the offenses of involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, indecent assault, two counts of sexual abuse of children, unlawful contact with a minor, corruption of minors, and endangering welfare of children ("EWOC").  Fox, born February 23, 2002, was eighteen years of age at all times during the several months he committed these crimes.

On October 3, 2022, Fox appeared for his preliminary hearing. At that time the Commonwealth withdrew the IDSI and EWOC charges. Fox waived his right to a hearing on the remaining counts, and they were bound for trial.

On March 2, 2023, Fox entered a guilty plea to all of the remaining charges. Because all of these crimes constituted sexually violent offenses, the court was required to determine whether Fox should be classified as a Sexually Violent Predator ("SVP"). Accordingly, sentencing was deferred pending completion of an evaluation and report by the Sexual Offender Assessment Board.

On September 26, 2023, the trial court imposed an aggregate sentence of 11½ to 23 months of imprisonment, to be followed by a three-year probationary term. The court did not find Fox to be an SVP, but designated him a Tier III sexual offender, subjecting Fox to lifetime registration and notification pursuant to Section 9799.14(d) of the Sexual Offender Registration and Notification Act ("SORNA II"). Fox filed neither post-sentence motions nor a direct appeal.

On January 29, 2024, Fox filed a timely *pro se* PCRA petition and the PCRA court appointed counsel. On March 29, 2024, PCRA counsel filed a motion requesting a status conference. The PCRA court held this conference on April 29, 2024. At this conference the parties apparently discussed the uncertainty regarding the constitutionality of SORNA II.[1] In 2020, our

---

[1] A transcript of this conference does not appear in the certified record.

Supreme Court had remanded *Torsilieri* to the trial court for an evidentiary hearing to support the trial court's conclusion that Subchapter H of SORNA II was unconstitutional. *Commonwealth v. Torsilieri*, 232 A.2d 567 (Pa. 2020) ("*Torsilieri I*"). On remand, the trial court held three days of hearings, and again declared Subchapter H unconstitutional. Our Supreme Court then granted the Commonwealth's petition for allowance of appeal. Given this posture, the PCRA court in this case entered an order staying Fox's post-conviction proceedings pending our Supreme Court's *Torsilieri* decision.

On May 31, 2024, the High Court determined that Subchapter H of SORNA (which would apply to Fox) was constitutional; the chapter was non-punitive such that its application did not violate *ex post facto* principles. *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024) ("*Torsilieri II*").

Following that decision, on August 5, 2024, PCRA counsel filed a supplemental PCRA petition on Fox's behalf, as well as a second motion for a status conference. In this petition, Fox asserted that, as applied to him, the registration requirements of SORNA II were unconstitutional as cruel and unusual punishment. To support this claim, Fox asserted that, although he was eighteen at the time he committed the crimes, he intellectually functioned as a juvenile. The Commonwealth filed a response. By order entered September 6, 2024, the PCRA court entered an order denying Fox's petition. This appeal followed. Both Fox and the PCRA court have complied with Appellate Rule 1925.

Fox raises the following two issues on appeal:

A. Whether the PCRA Court erred by dismissing the matter without a hearing to allow [Fox] to develop an argument that he should not have been required to register for life as a sex offender for offenses, which occurred, according to the criminal information, 37 days after his 18th birthday.

B. Whether the PCRA court erred in rendering its conclusion that there was "no legal authority, either binding or persuasive, in support of his request to extend various protections for juveniles to adults" advanced by [Fox]?

Fox's Brief at 3.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

**Commonwealth v. Blakeney**, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

We first determine whether Fox's appeal is properly before us. In order to be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. Section

9543(a)(2), and that the issues he raises have not been previously litigated. *Commonwealth v. Carpenter*, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. *Carpenter*, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. *Carpenter*, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Here, Fox did not raise his constitutional claim in a direct appeal to this Court. Thus, it is waived. Even if not waived, however, we agree with the court below that Fox's constitutional claim is not cognizable under the PCRA. The court explained:

> The Pennsylvania Supreme Court has determined that Subchapter H of SORNA is not punitive. [*Torsilieri II*, *supra*]. The Court previously reached the similar conclusion regarding Subchapter I. *Commonwealth v. Lacombe*, 234 A.3d. 602, 626 (Pa. 2020). Where an individual is statutorily mandated to take actions stemming from a criminal conviction that are not deemed punitive, those mandates are merely collateral consequences of a criminal conviction. *Commonwealth v. Leidig*, 956 A.2d 399, 406 (Pa. 2008). Accordingly, in *Commonwealth v. Smith*, 240 A.3d 654, 658 (Pa. Super. 2020), the Pennsylvania Superior Court held that "a challenge to the requirements mandated by

Subchapter I . . . pertains to a collateral consequence of one's criminal sentence and does not fall within the purview of the PCRA." Therefore, it seems a logical and necessary extension to conclude that a challenge to Subchapter H is likewise not cognizable under the PCRA.

PCRA Court Opinion, 9/6/24, at 3-4.

Our review of recent case law supports the PCRA court's conclusion. *See Commonwealth v. Downward*, 276 A.3d 238, at *6 (Pa. Super. 2022) (non-precedential decision) (stating that our Supreme Court has determined that both amended Subchapters H and I impose non-punitive, administrative-type registration requirements that are merely collateral consequences of a criminal conviction). Thus, to the extent Fox argues he was entitled to an evidentiary hearing under the PCRA, his first issue fails.

Nonetheless, the PCRA court correctly believed it had the ability to address the merits of Fox's constitutional challenge to SORNA II. *See Lacombe*, 324 A.3d at 617 (holding that the PCRA was not the sole avenue for challenging sexual offender registration requirements). In finding no merit to Fox's various arguments, the PCRA court stated:

As already stated herein, Subchapter H of SORNA is not punitive. [*Torsilieri*, *supra*]. Therefore, the requirements of SORNA cannot constitute "cruel and unusual punishment"[.]

[Fox] offers no legal authority, either binding or persuasive, in support of his request to extend various protections for juveniles to adults. Instead, he presents a fairness argument in which he suggests the arbitrariness of being treated as an adult considering the relatively short amount of time of his adulthood and his alleged intellectual functioning. While [the court] understands [Fox's] position, we are also mindful of the Commonwealth's reliance on the United States Supreme Court's comments on this perceived unfairness in in *Roper v. Simmons,*

- 6 -

543 U.S. 551 (2005) [(which held that the execution of individuals who were under 18 years old at the time of their crime was unconstitutional)]:

> Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach. For the reasons we have discussed, however, a line must be drawn . . . The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. It is, we conclude, the age at which the line for death eligibility ought to rest.

*Id.* at 574.

> [Fox's petition] points to areas of law where eighteen (18) year olds are still treated as minors. Assuming those examples to be correct, we are not persuaded they are controlling. The fact that a parent may continue to receive child support for an eighteen (18) year old or commit their child for psychiatric treatment under the Mental Health Act is less significant to [the court] than the United States Supreme Court's conclusion that eighteen (18) is an appropriate line of demarcation for the death penalty. If an individual of [Fox's] age can receive the ultimate punishment, we believe it legally appropriate for them to incur the non-punitive collateral consequence presented herein. The *Roper* Court acknowledged that society treats age eighteen (18) as adulthood for "many", although not necessarily all, purposes.

PCRA Court Opinion, 9/6/24, at 5-6. Our review of the record and relevant case law supports the PCRA court's conclusion.

In arguing to the contrary, Fox essentially asserts in his second issue, that he disagrees with the PCRA court's determination that the cases he cited do not warrant post-conviction relief. Even if Fox could establish—beyond his self-serving statement,--that he is intellectually challenged, this Court has repeatedly rejected, when dealing with a sentence of life without parole, any

argument that the defendant was a "technical juvenile." ***See***, ***e.g.***, ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016) (rejecting nineteen-year-old defendant's claim that sentencing him to life without parole was cruel and unusual punishment because was a "technical juvenile" due to immature brain development). Thus, Fox's second issue fails.

In sum, although Fox is permitted to challenge the constitutionality of the registration and notification requirements of SORNA II outside the parameters of the PCRA, we agree with the PCRA court that Fox's claim that he should not be required to register under SORNA II is without merit.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2025