J-S13027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                                :
             v.                       :
                                :
                                :
MICHAEL DAVIS                 :
                                :
           Appellant             :     No. 1177 WDA 2023

Appeal from the Order Entered September 19, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013205-2006

BEFORE: KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED: July 24, 2024**

Michael Davis ("Davis") appeals pro se from the order entered by the Allegheny County Court of Common Pleas, which treated his petition filed as an untimely petition pursuant to the Post Conviction Relief Act ("PCRA")[1] and dismissed it without a hearing. After review, we conclude the lower court misconstrued Davis' petition as an untimely PCRA petition, but because Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA II")[2] is not punitive, does not violate the constitutional prohibition against ex

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. §§ 9799.51-9799.75. The Pennsylvania General Assembly enacted Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are
*(Footnote Continued Next Page)*

post facto laws,[3] and Davis waived his claim that Subchapter I unconstitutionally infringes on his right to reputation under the Pennsylvania Constitution,[4] we affirm.

The facts of Davis' underlying convictions are not pertinent to the instant appeal. On August 28, 2007, a jury found Davis guilty of two counts each of involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault,

---

collectively known as SORNA II. **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29").

[3] As our Supreme Court explained:

The prohibition of ex post facto laws appears in the United States Constitution in Article I, Section 9, which is a limitation on Congress' authority to pass laws, and in Article I, Section 10, which is a limitation on the power of the states. Article I, Section 9 provides: "No Bill of Attainder or ex post facto Law shall be passed." U.S. CONST. art. I, § 9. Article I, Section 10 similarly provides: "No State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." U.S. CONST. art. I, § 10.

Pennsylvania's ex post facto provision is found in Article I, Section 17 of our Constitution, which states that: "No ex post facto law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." PA. CONST. art I, § 17.

**Commonwealth v. Lacombe**, 234 A.3d 602, 606 (Pa. 2020) (italics removed).

[4] PA. CONST. art. I, § 1 ("All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.").

aggravated indecent assault, corruption of minors, and indecent assault,[5] arising out of multiple sexual encounters and acts with a fourteen-year-old girl in December 2005. On November 14, 2007, the trial court sentenced Davis to an aggregate term of sixteen to forty years of imprisonment. The trial court also notified Davis of his lifetime registration requirement under the then-effective Megan's Law III.[6] N.T., 11/14/2007, at 14. This Court affirmed his judgment of sentence on July 31, 2009, and our Supreme Court denied his petition for allowance of appeal on March 9, 2010. **Commonwealth v. Davis**, 2308 WDA 2007 (Pa. Super. filed July 31, 2009) (non-precedential decision), *appeal denied*, 990 A.2d 727 (Pa. 2010).

In the years that followed, Davis filed two PCRA petitions, neither of which resulted in relief.[7] On June 5, 2023, Davis filed pro se the filing at issue here, which he styled as a PCRA petition, in which he challenged the

---

[5] 18 Pa.C.S. §§ 3123, 3121.1, 3125, 6301(a)(1), 3126.

[6] Act of Nov. 24, 2004, P.L. 1243, No. 152 ("Act 2004-152"), at § 8. **See** 42 Pa.C.S. § 9795.1(b)(2) (expired) (designating IDSI as a lifetime registration offense).

[7] **See Commonwealth v. Davis**, 1403 WDA 2011 (Pa. Super. filed July 23, 2012) (non-precedential decision) (affirming the PCRA court's dismissal without a hearing of Davis' first PCRA petition); **Commonwealth v. Davis**, 472 WDA 2020 (Pa. Super. Dec. 17, 2020) (order dismissing, for failure to file a brief, Davis' appeal of the PCRA's court dismissal without a hearing of his second PCRA petition).

- 3 -

application of Subchapter I of SORNA II to him.[8] PCRA Petition, 6/5/2023, ¶ 6(A). The lower court appointed counsel, who subsequently filed a petition to withdraw representation in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). The lower court granted counsel's petition to withdraw and issued notice of its intent to dismiss Davis' petition as untimely and without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Davis filed a pro se response to the Rule 907 notice, and on September 19, 2023, the court dismissed Davis' petition. This appeal followed. The lower court and Davis both complied with the requirements of Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

Davis presents the following two questions for our consideration:

I. Did the PCRA court err as a matter of law when it dismissed [Davis'] PCRA petition?

II. Is the re-enactment [of the] SORNA statute at 42 Pa.C.S. §[§] 9799.51-9799.75 Subchapter I unconstitutional as it applies to [Davis]?

Davis' Brief at 4.

---

[8] SORNA II is divided into two subchapters: "Subchapter H governs those whose offenses occurred after December 20, 2012. Subchapter I applies to those whose offenses were completed prior to that date." **Commonwealth v. Santana**, 266 A.3d 528, 530 n.7 (Pa. 2021); **see also** 42 Pa.C.S. § 9799.52(2) (providing that Subchapter I is applicable to individuals who were required to register under a former Pennsylvania sexual offender registration law on or after April 22, 1996, but before December 20, 2012, and whose registration period has not expired).

We first address whether the court below properly treated Davis' petition as an untimely PCRA petition. *See* 42 Pa.C.S. § 9542 (providing that the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose"). In *Lacombe*, our Supreme Court held that Subchapter I of SORNA II does not constitute criminal punishment and expressly "decline[d] to find the PCRA, or any other procedural mechanism, … the exclusive method for challenging sexual offender registration statutes[.]" *Lacombe*, 234 A.3d at 618, 626. Accordingly, SORNA registrants seeking relief from such requirements are not required to do so in a timely-filed PCRA petition. *See id.* at 617-18 (concluding the trial court had jurisdiction to consider Lacombe's petition challenging his reporting obligations where a PCRA petition would have been untimely). Because "[n]on-punitive, administrative requirements are merely collateral consequences of a criminal conviction[,] ... a challenge to the requirements mandated by Subchapter I of SORNA II pertains to a collateral consequence of one's criminal sentence and does not fall within the purview of the PCRA" and is "not subject to its time-bar." *Commonwealth v. Smith*, 240 A.3d 654, 658 (Pa. Super. 2020). Thus, even though Davis' instant petition would be considered facially untimely under the PCRA,[9] his challenge

---

[9] Davis' judgment of sentence became final on June 7, 2010, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3).

to his registration requirements is not subject to the PCRA's time limits. **See id.** We therefore conclude that we have jurisdiction to consider the merits of Davis' claim and the lower court erred in construing Davis' challenge as an untimely PCRA petition.[10] **See Commonwealth v. Elliott**, 249 A.3d 1190, 1193 (Pa. Super. 2021) (recognizing that the PCRA's time limitations "implicate our jurisdiction" but concluding, pursuant to **Lacombe** and **Smith**, that the lower court erred in construing Elliott's challenge, which was raised in a PCRA petition, to his registration requirements under Subchapter I of SORNA II as an untimely PCRA petition, and addressing the merits of his petition).

A constitutional challenge to the application of SORNA presents a question of law; our scope of review is plenary and standard of review is de novo. **Commonwealth v. Morgan**, 258 A.3d 1147, 1152 (Pa. Super. 2021).

In his first issue, Davis claims that the lower court erred in dismissing his petition because in his Rule 907 response, he alerted the lower court that the issue he sought to raise was not addressed in appointed counsel's **Turner**/**Finley** no-merit letter. **See** Davis' Brief at 9-10. He contends that because of counsel's omission, "he was denied his merits review of his arguable claims." **Id.** at 10. He seeks a remand to the lower court. **Id.**

---

[10] "It is well-settled that "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." **Elliott**, 249 A.3d at 1194 n.3 (citations and quotation marks omitted).

Pursuant to ***Turner***/***Finley***, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on post-conviction review] is permitted." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 (Pa. Super. 2011) (citations omitted).[11]  Independent review requires the following:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

***Widgins***, 29 A.3d at 818 (citation and brackets omitted).  Further, counsel seeking to withdraw must

> forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed pro se, or with the assistance of privately retained counsel.

_____

[11] Although ***Turner***/***Finley*** applies to withdrawal of counsel in the context of the PCRA, the Commonwealth did not object to the appointment of counsel and does not challenge the substance of Davis' contention on appeal.  Based upon the procedural posture in which we find this case, we treat this matter as though the safeguards of ***Turner***/***Finley*** apply to cases where counsel has been appointed on a SORNA registrant's petition challenging the constitutionality of the sex offender registration requirements.

*Id.* (citation omitted).

The record reflects that counsel satisfied the technical requirements of *Turner*/*Finley*. Counsel filed a motion to withdraw and no-merit letter which stated the nature and extent of her review; listed the issue of which Davis sought review; explained how the issue lacked merit; and requested permission to withdraw. *See* Motion to Withdraw as Counsel, 7/29/2023, Ex. 1 (*Turner*/*Finley* No-Merit Letter, 7/28/2023). Counsel also sent Davis a copy of the no-merit letter, a copy of the motion to withdraw, and a letter advising Davis of his right to withdraw his petition, or to proceed pro se or with privately retained counsel. *See id.* Ex. 2 (Counsel's letter to Davis, 7/28/2023).

The record further reflects that appointed counsel addressed the issue Davis set forth in his petition. In his petition, Davis averred that he "was sentenced under Megan's Law[,] which was declared unconstitutional and the law was re-enacted as SORNA[,] 42 Pa.C.S. § 9799.51-9799.75[,]" and that it was retroactive as applied to him. PCRA Petition, 6/5/2023, ¶ 6(A). Davis stated that "numerous counties within this Commonwealth of Pennsylvania ha[ve] now declared SORNA's Subchapter I unconstitutional as it applies to" him and that "numerous cases are now pending in the Pennsylvania Supreme Court concerning the constitutionality of SORNA." *Id.* ¶ 6(A)-(B). He sought "release from SORNA registration, notification, and counseling requirements" and "removal from lifetime sexual offender registration." *Id.* ¶¶ 6(C), 12(D).

In her no-merit letter, counsel analyzed this issue by discussing *Lacombe's* holding that Subchapter I of SORNA II is nonpunitive and thus its retroactive application does not violate the constitutional prohibition against ex post facto laws. *See* Motion to Withdraw as Counsel, 7/29/2023, Ex. 1 (*Turner*/*Finley* No-Merit Letter, 7/28/2023, at 2-4). As such, counsel found no merit to the issue Davis raised, and further concluded that because Davis was not serving an illegal sentence, there were no other meritorious issues he could raise that would fall under the exceptions to the timeliness requirements of the PCRA. *Id.* at 3-4.

After the lower court issued its Rule 907 notice, Davis filed a response in which he acknowledged that he had received counsel's no-merit letter, but complained that it did not comport with *Turner*/*Finley's* requirements in that counsel had not communicated with Davis about issues he wanted to raise, despite counsel indicating otherwise in her letter to him. Davis' Response to Notice of Intent to Dismiss, 8/23/2023, ¶¶ 5, 7-8. Specifically, Davis stated that

> counsel failed to address the assertion contained in the pro se
> PCRA [petition] that several counties e.g. York County and
> Chester County Courts of Common Pleas have declared SORNA
> unconstitutional and that there are cases now pending in the
> Pennsylvania Supreme Court pertaining to same and that [Davis]
> seeks the same result as [the] defendant in the Carbon County
> Court of Common Pleas that ruled that the registration and
> notification requirements of [SORNA] were unconstitutional and
> unenforceable.

*Id.* ¶ 9. He asked the lower court to find counsel's no-merit letter deficient and to appoint new counsel. *Id.* ¶ 10.

In response, the court directed counsel to provide Davis with a copy of all filings she made on his behalf and discuss with him the issues raised therein. Order, 8/30/2023. Counsel complied and filed a certification confirming that she provided said filings to Davis and further, that she "spoke with [Davis] on September 8, 2023, via telephone with SCI Houtzdale, where [Davis] is currently housed and further discussed with him the related filings and any other of [his] concerns." Motion to Withdraw as Counsel, 9/8/2023, ¶¶ 2-5. Counsel also indicated that "[h]aving recently discussed the matters with [Davis], any concerns he may have had have been remedied." *Id.* ¶ 6.

Because the record reflects that counsel satisfied the technical requirements of *Turner*/*Finley*, we conclude that this issue merits no relief.[12]

In his second issue, Davis frames the issue as he did in his petition, his response to Rule 907 notice, and his 1925(b) statement: asserting that "the re-enacted SORNA statute at 42 Pa.C.S.[] §§ 9799.51-9799.75[,] Subchapter I[,] [is] unconstitutional as it applies to [Davis]." Davis' Brief at 11. In his brief, he argues—for the first time—that Subchapter I is "unconstitutional

---

[12] To the extent Davis is claiming that he intended to raise a claim that Subchapter I of SORNA II unconstitutionally infringes on his right to reputation under the Pennsylvania Constitution, as discussed infra, we discern nothing in the record to demonstrate that Davis raised this claim with counsel or at any time before the court below.

where the registration requirements violate his right to reputation because they are based on an unconstitutional irrebuttable presumption of future dangerousness," referencing trial court decisions in other matters in support thereof. *Id.* Davis goes on discussing a trial court decision which held that Subchapter I is punitive and violates ex post facto clause of the federal and Pennsylvania constitutions. *Id.* at 12. He concludes by arguing that the "lifetime registration, notification and counseling requirements as per his sentence is illegal [and] unconstitutional." *Id.* at 13.

With respect to Davis' ex post facto claim, he fails to acknowledge our Supreme Court's holding in *Lacombe* that Subchapter I of SORNA II "does not constitute criminal punishment" and "does not violate the constitutional prohibition against ex post facto laws." *See Lacombe*, 234 A.3d at 605-06, 626; *see also Elliott*, 249 A.3d at 1193-94 (deeming meritless Elliott's claim that his Subchapter I registration, notice, and counseling requirements are punitive and violative of ex post facto laws). Accordingly, this argument fails.

With respect to Davis' claim that Subchapter I of SORNA II unconstitutionally infringes upon his fundamental right to reputation, we conclude that Davis waived this claim because he failed to raise it in the court below, instead raising it for the first time in his appellate brief. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008) (noting that "issues of constitutional dimension cannot

be raised for the first time on appeal"). Accordingly, it is waived. *See Elliott*, 249 A.3d at 1194 (waiving constitutional right-to-reputation claim under Subchapter I where Elliott failed to raise it in his petition in the court below).

Likewise, this claim is waived because Davis fails to offer a sufficient or meaningful discussion of how SORNA's "irrebuttable presumption of future dangerousness" violates his constitutional right to reputation such that he should be afforded release from his registration, notification, and counseling requirements. *See* Davis' Brief at 11-13. As this Court explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Elliott*, 249 A.3d at 1195 (citation and quotation marks omitted). Because Davis did not develop this issue in any meaningful way, we conclude it is also waived on this basis. *See id.* (waiving constitutional right-to-reputation claim under Subchapter I of SORNA II where Elliott failed to develop it in any meaningful fashion on appeal).

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

- 12 -

Judge Kunselman concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 07/24/2024