J-S47043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN BAILEY | : | |
| | : | |
| Appellant | : | No. 2908 EDA 2024 |

Appeal from the PCRA Order Entered October 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001373-2013

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED MARCH 11, 2026**

Steven Bailey ("Bailey") appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Bailey raises various claims under the PCRA and a constitutional challenge to the statutory sex offender registration requirements under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA").[2]  We affirm.

In July 2014, a jury found Bailey guilty of unlawful contact with a minor, aggravated indecent assault of a child, endangering the welfare of children,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. §§ 9799.10–9799.42, as amended by Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"), and Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). Notably, under Act 10, as amended by Act 29, Subchapter H applies to offenders who committed an offense on or after December 20, 2012.  42 Pa.C.S. § 9799.11(c).

and indecent assault. The convictions arose from Bailey's repeated abuse of his niece beginning when she was twelve years old. The trial court sentenced Bailey to an aggregate prison sentence of ten to twenty years, followed by five years of probation. The trial court also ordered Bailey to register as a sex offender under SORNA, which included lifetime reporting requirements. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on August 2, 2016. *See Commonwealth v. Bailey*, 747 EDA 2015, 2016 WL 886065 (Pa. Super. Mar. 8, 2016) (non-precedential decision), *appeal denied*, 145 A.3d 161 (Pa. 2016).

On February 1, 2019, Bailey filed pro se his first PCRA petition. The PCRA court appointed counsel. Subsequently, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Thereafter, the PCRA court dismissed the petition.

On October 13, 2022, Bailey filed pro se his second PCRA petition. The PCRA court appointed counsel, who filed an amended petition, raising claims of trial counsel's ineffectiveness, the trial court imposed an illegal sentence by imposing a punitive registration requirement under SORNA, that Bailey's due process rights were violated, and after-discovered evidence. On March 20, 2024, the Commonwealth filed a response, arguing that Bailey's SORNA claim be stayed pending the outcome of the Supreme Court's decision in *Commonwealth v. Torsilieri*, 316 A.3d 77, 81 (Pa. 2024) ("*Torsilieri II*"). On July 2, 2024, the Commonwealth filed a supplemental response, arguing

that the SORNA claim was without merit based on the *Torsilieri II* decision. The PCRA court issued a Rule 907 notice. Thereafter, it dismissed Bailey's petition without a hearing. This timely appeal followed.

On appeal, Bailey raises the following questions for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to investigate and present an alibi defense when multiple witnesses were available and willing to testify to [Bailey's] alibi[?]

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [Bailey's] Sixth Amendment right to effective representation of trial counsel, as well as the Commonwealth's failure to prove each and every element of the crimes charged beyond a reasonable doubt[?]

3. Whether the PCRA court erred by dismissing [Bailey's] PCRA petition when clear and convincing evidence was presented that established the subsequent discovery of exculpatory evidence that would have exonerated [Bailey] had it been available at the time of trial[?]

4. Whether the PCRA court erred by dismissing [Bailey's] PCRA petition when clear and convincing evidence was presented to establish the trial court issued an illegal sentence by imposing a punitive registration requirement of SORNA in violation of his due process rights that extended the length of the sentence beyond the statutory maximum[?]

5. Whether the PCRA court erred by failing to grant an evidentiary hearing[?]

Bailey's Brief at 8.

Prior to considering the merits of the claims raised, this Court "must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (citation

omitted). The timeliness requirement "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Id.*** (citation omitted); ***see also Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner can plead and prove one of the exceptions to the general timeliness requirement. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time-bar include:

> (i)    The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    The fact upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by the court to apply retroactively.

*Id.* § 9545(b)(1)(i-iii). A PCRA petition invoking a statutory exception must be filed within one year of the date the claim could have been presented. *Id.* § 9545(b)(2).

Bailey's judgment of sentence became final on October 31, 2016, after the time to file a petition for writ of certiorari with the United States Supreme Court expired. *See* Sup. Ct. R. 13(1) (stating "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort … is timely when it is filed … within 90 days after entry of the judgment"). Bailey's instant petition, filed on October 13, 2022, is patently untimely. Thus, we must determine whether Bailey pled and proved one of the exceptions to the timeliness requirement.

Bailey first argues that his trial counsel was ineffective for failing to investigate and present alibi witnesses at trial and file a notice of an alibi. Bailey's Brief at 13-15; *see also id.* at 13 (noting that the alibi witnesses were his brothers and his employer, and they would have provided evidence that Bailey was never alone with the house with the victim because he was working or renovating homes with his brothers).

It is well settled that "claims of ineffective assistance of counsel do not automatically qualify pursuant to the exceptions to the one-year time limitation provided in 42 Pa.C.S. § 9545(b)(1)(i)–(iii)." *Commonwealth v. Pursell*, 749 A.2d 911, 915 (Pa. 2000); *see also Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) ("[A]n untimely petition will not be addressed

simply because it is couched in terms of ineffectiveness."). Baily makes no mention of a time-bar exception in regard to this claim, either before the PCRA court or in his brief on appeal. Thus, we cannot review this claim of ineffectiveness.

Next, Bailey contends that that the evidence was insufficient to prove each element of the charged crimes. *Id.* at 15, 16. In support, he argues that the victim provided inconsistent and contradictory testimony. *Id.* at 16.

Although Bailey argues he is raising a sufficiency claim, he appears to raise a challenge to the weight of the evidence. ***Commonwealth v. Melvin***, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness's testimony goes to the weight of the evidence, not the sufficiency of the evidence.") (citation and quotation marks omitted). Regardless, neither claim implicates any timeliness exceptions. Therefore, we cannot address Bailey's claim.

Third, Bailey argues that the PCRA court erred in dismissing his petition because he presented exculpatory evidence that was unavailable at trial and would have exonerated him. Bailey's Brief at 17. He maintains he is entitled to relief under section 9543(a)(2)(vi) (addressing after-discovered evidence), because there was an alibi witness available. *Id.* at 17-18. Specifically, Bailey contends that Kenny Lowery ("Lowery") came forward several years after Bailey was convicted and would have testified that he aided Lowery in home renovations and that Bailey worked in the evenings and slept at the jobsites

during the relevant time period. *Id.* According to Bailey, this evidence could not be obtained through reasonable diligence, this evidence was not cumulative to other evidence, it would not be used to impeach other witnesses, and would establish his innocence. *Id.* at 18.

Again, Bailey fails to raise a timeliness exception related to this claim in either his PCRA petition or brief, and instead relies on section 9543 to establish his entitlement to relief. Bailey's reliance on section 9543(a)(2)(vi) "as a basis for asserting an after-discovered-evidence claim under the PCRA … did not suspend [his] initial obligation to establish jurisdiction by alleging and proving (a) the existence of facts that were unknown to him and (b) his exercise of due diligence in discovering those facts." *Commonwealth v. Brown*, 111 A.3d 171, 177 (Pa. Super. 2015) (citing 42 Pa.C.S. § 9545(b)(1)(ii)). Therefore, Bailey failed to plead and prove a time-bar exception. *Id.*

Nevertheless, the PCRA court treated this claim as invoking the newly-discovered facts exception and explained its dismissal of the claim as follows:

> [T]his proposed testimony is from [] Low[e]ry, a former coworker [with whom Bailey] … did home renovations. [] Low[e]ry would testify as to where [Bailey] was working and sleeping at the time of the assaults. Where [Bailey] was working and sleeping during the relevant time would, of course, be known to [Bailey] at the time of trial as would [] Low[e]ry's existence as a potential alibi witness. [Bailey] has offered no explanation for why he could not have presented [] Low[e]ry at trial. Because this testimony meets neither prong [of section] 9545(b)(l)(ii), it does not meet the standard for newly[-]discovered evidence.

PCRA Court Opinion, 4/4/2025, at 6.

- 7 -

Even if we accept that Bailey properly invoked the newly-discovered fact timeliness exception, we agree with the PCRA court that he did not exercise due diligence in finding Lowery. Bailey plainly knew about Lowery, as they worked together, yet he made no claim that he attempted to contact or find Lowery at any time pre- or post- trial to support his alibi defense. *See Brown*, 111 A.3d at 178 (noting appellant did not exercise due diligence in finding witness where appellant knew about the witness but failed to contact him to determine whether the witness had further information about the crime in question). Thus, we do not have jurisdiction to address this claim.

Fourth, Bailey argues that "the trial court issued an illegal sentence by imposing a punitive registration requirement of SORNA that extended the length of the sentence beyond the statutory maximum." Bailey's Brief at 18. He asserts that our Supreme Court held SORNA was unconstitutional as applied to certain registrants in *Commonwealth v. Muniz*. *Id.* at 19 (citing *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017)). Additionally, Bailey claims that the registration requirement violated his due process rights because SORNA states that registrants are "highly likely" to repeat their behavior and are dangerous, without providing him the opportunity to prove otherwise. *Id.* In effect, he contends that he was denied "his right to reputation through the presumption that he is dangerous and a high risk to repeat sexually criminal behavior." *Id.*

Preliminarily, we note that our Supreme Court held that registrants challenging changes to sex-offender registration statutes are not restricted to using the PCRA as the exclusive means for raising such a challenge. *Commonwealth v. Lacombe*, 234 A.3d 602, 617-18 (Pa. 2020). Therefore, Bailey's instant claim is not subject to the PCRA's time limitations, and we may address his claim. *See Commonwealth v. Smith*, 240 A.3d 654, 658 (Pa. Super. 2020) (concluding that substantive claims challenging the application of SORNA's lifetime registration requirements are not cognizable under the PCRA and are not subject to the PCRA's time bar).

Bailey's constitutional challenges raise "questions of law for which our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Torsilieri*, 232 A.3d 567, 575 (Pa. 2020) ("*Torsilieri I*") (citation omitted).

> In addressing constitutional challenges to legislative enactments, we are ever cognizant that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens. We emphasize that a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

*Id.* (citations omitted).

Bailey's claims are identical to those raised by the defendant in the *Torsilieri* line of cases. Importantly, in *Torsilieri II*, our Supreme Court held that SORNA subchapter H and did not violate the irrebuttable presumption

doctrine, *see Torsilieri II*, 316 A.3d at 91-100, and that subchapter H was not punitive, *id.* at 109-10. The Court further concluded that

> because a finding that [s]ubchapter H constitutes criminal punishment is a threshold factor in determining the viability of [the] derivative constitutional challenges — that the legislation unconstitutionally usurps judicial power over sentencing in violation of the separation of powers doctrine, constitutes cruel and unusual punishment under the Eighth Amendment, and infringes upon the right to a trial by jury by failing to require that facts which increase the punishment imposed for the underlying crime be found by a reasonable doubt — these constitutional claims fail.

*Id.* at 110.

Our Supreme Court's decision in *Torsilieri II* is conclusive as to the issues raised by Bailey. Accordingly, Bailey's claim is without merit.

Finally, Bailey argues that the PCRA court erred in dismissing his petition without a hearing. *See* Bailey's Brief at 19-20. Bailey contends that his claims of trial counsel ineffectiveness, violations of constitutional rights, discovery of exculpatory evidence, and the imposition of an illegal sentence warranted a hearing. *Id.* at 20.

We have recognized:

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

- 10 -

***Commonwealth v. Smith***, 244 A.3d 13, 16 (Pa. Super. 2020) (quotation marks and citation omitted). We have also explained that "[a]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim." ***Commonwealth v. Grove***, 170 A.3d 1127, 1149 (Pa. Super. 2017) (quotation marks and citation omitted).

Here, Bailey has failed to identify any genuine issues of fact that, if resolved in his favor, would entitle him to relief. ***See*** Bailey's Brief at 13-19. As we have already determined that the claims Bailey raised in this appeal are meritless and/or unreviewable, the PCRA court did not abuse its discretion in dismissing his petition without a hearing. Accordingly, Bailey's final issue fails.

As we conclude that the PCRA court's decision is supported by the record, we affirm the order dismissing Bailey's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2026